**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARUN AR RASHID, | No. 11-70231 |
| Petitioner, | Agency No. A096-071-444 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2014[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Petitioner Harun AR Rashid (Rashid) petitions for review of the Board of

Immigration Appeals' (BIA) dismissal of his appeal of the immigration judge's (IJ)

order denying Rashid's applications for asylum, withholding of removal, and relief

under the Convention Against Torture (CAT). Rashid contends that the BIA erred

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

in affirming the IJ's adverse credibility determination premised on inconsistencies between Rashid's testimony and his asylum application.

The BIA's adverse credibility determination was supported by substantial evidence because the major discrepancy between Rashid's testimony and his asylum application concerning the alleged acts of persecution went to the heart of Rashid's asylum claim. Most significantly, Rashid's application asserts that he was subjected to persecution due to his purported efforts to convert poor Muslims to the Christian and Hindu religions. However, at his asylum hearing Rashid testified that as a member of the Awami League, he assisted poor Christian and Hindu children with their subsistence needs, which led to his persecution. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (holding that "[m]aterial alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding") (citation omitted); *see also Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) ("An inconsistency goes to the heart of a claim if

it concerns events central to petitioner's version of why he was persecuted and fled.") (citation omitted).[1]

**PETITION DENIED.**

---

[1] Because the BIA reviewed the IJ's adverse credibility determination, we are not precluded by administrative exhaustion requirements from exercising jurisdiction over Rashid's petition for review. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). Rashid also sufficiently challenged the adverse credibility determination in his opening brief. *See Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004). However, Rashid "waived any challenge to the agency's CAT determination because he did not raise CAT relief in his opening brief." *Bingxu Jin v. Holder*, 748 F.3d 959, 964 n.2 (9th Cir. 2014) (citation omitted).